UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

DEVIN J. ARNOLD, as Natural Father and )
Next Friend of minors K.D.A. and B.J.A. )
                                         )
        Plaintiffs,                      )
                                         )
v.                                       )   Case No. 1:17-CV-0068 JAR
                                         )
MISSISSIPPI COUNTY, MISSOURI, et al.     )
                                         )
        Defendants.                      )

## MOTION TO INTERVENE

COMES NOW Movant, MICHELLE NUNNALLY, by and through counsel, Daniel H. Rau of Lanzotti & Rau, LLC, and moves, pursuant to Rule 24 of the Federal Rules of Civil Procedure, for leave of this Court to intervene as a plaintiff in this action. In support thereof, Movant Nunnally states to the Court as follows:

1. On or about May 2, 2017, Plaintiff Devin J. Arnold as Natural Father of the minor children K.D.A. and B.J.A. commenced this action by filing a complaint seeking monetary damages for the personal injuries and loss of life sustained by Somer Nunnally while in the custody and care of the Mississippi County Detention Center located in Mississippi County, Missouri.

2. Amended Complaints were subsequently filed on May 5, 2017; August 31, 2017; and October 2, 2017.

3. Movant Michelle Nunnally is the natural mother of the deceased Somer Nunnally and resides in the County of Cape Girardeau, Missouri.

4. Movant Michelle Nunnally was not notified of the present action and received knowledge of the filing of the present cause of action through News Media.

1

5. Plaintiff neglected to mention Movant Michelle Nunnally in any of the Complaints filed in spite of the fact that Movant Nunnally, as the natural mother of the deceased Somer Nunnally, has an immediate and direct interest in the action and is a Class I beneficiary under Missouri's wrongful death statute, §537.080, RSMo.

6. Movant Nunnally, as a Class I beneficiary of any proceeds obtained from Defendants due to the wrongful death of her natural daughter, Somer Nunnally, pursuant to Missouri's wrongful death statute, § 537.080, RSMo, has standing to pursue a 42 U.S.C. § 1983 action on behalf of her natural daughter.

7. Movant Nunnally is entitled to intervene as of right under Rule 24 (a)(2) of the Federal Rules of Civil Procedure because she claims an interest in the property or transaction that is the subject of this action, is so situated that disposing of the action may as a practical matter impair or impede her ability to protect her interest, and her interest will not be adequately protected by the existing parties as evidenced by the failure to note Movant Nunnally's interest and existence.

8. In the alternative, Movant Nunnally should be permitted to intervene under Rule 24(b)(1) of the Federal Rules of Civil Procedure because her claim shares common questions of law and fact with the pending action, and the proposed intervention would not unduly delay or prejudice the adjudication of the parties' rights.

9. Movant Michelle Nunnally's action is timely as the parties will not suffer prejudice or delay as Movant Nunnally is in agreement with the settlement reached by the parties at mediation and is able to appear for the currently scheduled March 19, 2018 settlement approval hearing before this Court.

10. In further support of this motion, Movant Nunnally submits herewith a Memorandum in Support and a Claims for Which Intervention is Sought as required by Rule 24(c) of the Federal Rules of Civil Procedure.

WHEREFORE, Ms. Nunnally respectfully requests that the Court GRANT her Motion to Intervene, and for such other and further relief as this Court deems just in the circumstances.

Respectfully submitted,

LANZOTTI & RAU, LLC

_____
Daniel H. Rau          #48880MO
ATTORNEY FOR MOVANT
Lanzotti & Rau, LLC
354 S. Silver Springs Rd. Suite A
Cape Girardeau, MO 63703
(573)335-9300
(573)803-0999 fax
Email: drau@semoinjuryhelp.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2018, the foregoing Motion to Intervene was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties.

_____